UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EZERKIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>G.J. GIURBINO, Warden, et al.,<br><br>　　　　Respondents. | 1:05-cv-1208-LJO-TAG HC<br><br>ORDER DENYING MOTION<br>FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 21) |

　　　　Petitioner Thomas Ezerkis ("Petitioner") is a prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C.§ 2254.

　　　　On November 26, 2007, respondents G.J. Giurbino, et al. ("Respondents") filed an answer to Petitioner's petition for writ of habeas corpus, and lodged various documents and transcripts with the Court. (See Docs. 18, 19, 20). On December 17, 2007, Petitioner filed a motion for appointment of counsel. (Doc. 21). On that same day, Petitioner also filed a request for a 90-day extension of time to file a response to the answer, i.e., a traverse. (Doc. 22). On the date of this Order, the Court granted Petitioner a 30-day extension of time to file a traverse, and denied his request for a 90-day extension of time. The instant motion for appointment of counsel is Petitioner's second request for appointment of counsel. (See Docs. 1-4, 8).

　　　　The Sixth Amendment right to counsel does not apply in federal habeas corpus actions. Chaney v. Lewis, 801 F.2d 1191, 1196 (1991)(citing Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958)   There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, Title 18 U.S.C.

1

§ 3006A authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(b); <u>see</u> Rule 8(c), Fed. R. Governing § 2254 Cases.  In the instant motion, Petitioner asserts two grounds for the appointment of counsel. First, Petitioner contends that he "does not have the training nor resources to thoroughly investigate and research th[e] complex issues" in this case. (Doc. 21).  Second, Petitioner advises that he was recently diagnosed with cancer of the bladder and due to ongoing medical problems he "may not be able to invest the time and required in perfecting his appeal."  (<u>Id.</u>).

With respect to this case, Petitioner's lack of legal training and resources is not sufficient reason for the Court to appoint counsel to represent him.  It appears to the Court from the pleadings filed to date that Petitioner has a good grasp of the case and the legal issues involved and has presented his claims adequately in the petition.  With respect to Petitioner's medical condition, Petitioner has failed to provide the details of his diagnosis or explain how his current medical condition will preclude him from proceeding appropriately in this case, including filing a traverse should he choose to do so.  After considering Petitioner's motion and the circumstances of this case, the Court concludes that the interests of justice do not require appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED THAT Petitioner's motion for appointment of counsel (Doc. 21) is DENIED.

IT IS SO ORDERED.

Dated:   **December 26, 2007**                         **/s/ Theresa A. Goldner**
                                                       UNITED STATES MAGISTRATE JUDGE