1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THOMAS EZERKIS,                          )    1:05-CV-01208 LJO JMD (HC)
                                         )
                  Petitioner,            )    ORDER ADOPTING FINDINGS AND
                                         )    RECOMMENDATION
                                         )    [Doc. #30]
                                         )
        v.                               )    ORDER DENYING PETITION FOR WRIT
                                         )    OF HABEAS CORPUS
                                         )
                                         )    ORDER DIRECTING CLERK OF COURT
WARDEN G.J. GUIRBINO,                     )    TO ENTER JUDGMENT
                                         )
                  Respondent.            )    ORDER DECLINING TO ISSUE
_____  )    CERTIFICATE OF APPEALABILITY

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        The Magistrate Judge issued a Findings and Recommendation on October 24, 2008, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. Petitioner's objections were due to the Court by December 1, 2008.

        On December 8, 2008, the Court adopted the Magistrate Judge's Findings. On the same day, Petitioner filed a motion for an extension of time in which to file objections. The Magistrate judge vacated its prior order adopting and granted Petitioner's motion for an extension of time.

1    On January 20, 2009, Petitioner filed objections to the Magistrate Judge's Findings and

2    Recommendation and submitted a motion for an evidentiary hearing.

3                                **DISCUSSION**

4    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

5    *novo* review of the case.  Having carefully reviewed the entire file and having considered the

6    objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

7    supported by the record and proper analysis.  Based on the objections raised, the Court briefly adds

8    the additional analysis below.

9            **Batson Claim**

10   Petitioner claims that the Magistrate Judge erred in concluding that the evidence supports the

11   trial court's finding that there was no *prima facie* case of discrimination.  The Magistrate Judge

12   concluded that the record provided the trial court with ample basis to conclude that the excluded

13   jurors were stricken by the prosecutor for non-racial reasons.  Additionally, the Magistrate Judge

14   found that the use of five of eight preemptory challenges to strike jurors of Hispanic descent was not

15   probative of an intent to discriminate, and thus could not establish a *prima facie* case, where the jury

16   pool was largely Hispanic.  In addition, the Magistrate Judge noted that the jury pool, after the

17   exercise of peremptory challenges, still contained a large number, if not a majority, of jurors with

18   Hispanic descent.  Petitioner challenges this finding, attacking the trial court's ability to discern

19   individuals of Hispanic descent from Caucasians.  Even assuming that the trial court erred in

20   concluding that the jury pool still contained a majority of jurors with Hispanic descent, the

21   Magistrate Judge had sufficient evidence from which to conclude that the a *prima facie* case of

22   discrimination was not established.

23           **Delay in Criminal Prosecution**

24   As noted by the Magistrate Judge, "[t]he Fifth Amendment guarantees that defendants will

25   not be denied due process as a result of excessive preindictment delay."  United States v. Sherlock,

26   962 F.2d 1349, 1353 (9th Cir. 1989).   To establish a violation of this right, Petitioner is required "to

27   establish both prongs of at two-part test.  First, he must prove 'actual, non-speculative prejudice from

28   the delay.'"  United States v. Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting United

1   States v. Huntley, 976 F.2d 1287, 1290 (9th Cir. 1992)).  Additionally, Petitioner is required to show

2   that when weighed against the government's reasons for the delay, the length of the delay "offends

3   those 'fundamental conceptions of justice which lie at the base of our civil and political

4   institutions.'" Sherlock, 962 F.2d at 1353-54 (quoting United States v. Lovasco, 431 U.S. 783, 790

5   (1977)).  Thus, Petitioner is also required to establish that the delay resulted from "a deliberate

6   attempt to gain an unfair tactical advantage over the defendant or in reckless disregard of its probable

7   prejudicial impact upon the defendant's ability to defend against charges." United States v. Eight

8   Thoustant Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency, 461 U.S. 555, 563 (1983); *see*

9   *also* United States v. Loud Hawk, 816 F.2d 1323, 1324 (9th Cir. 1987) (interpreting Supreme Court

10  precedent to require culpable actions by the government in addition to actual prejudice to succeed on

11  a Due Process claim).

12       Petitioner fails to present any evidence in either his petition or his objections that would

13  support a conclusion of culpable government conduct, either in the form of intentional delay on the

14  part of the government in order to gain an advantage or reckless disregard for prejudice.  Rather,

15  Petitioner's objections focused on attempting to establish actual  prejudice stemming from the thirty

16  year delay.  "The defendant has a heavy burden to prove that a pre-indictment delay caused actual

17  prejudice: the proof must be definite and not speculative, and the defendant must demonstrate how

18  the loss of a witness and/or evidence is prejudicial to his case." Sherlock, 962 F.2d at 1353.  As

19  stated by the Ninth Circuit in *Loud Hawk*:

20       "Mere assertions that the testimony of a missing witness might have been useful, or
         that witnesses' memories may have faded with the passage of time" did not constitute
21       the " 'proof of prejudice' required by United States v. Marion." [United States v.
         Horowitz, 756 F.2d 1400, 1405 (9th Cir. 1985).] If the "actual content" of the lost
22       testimony was not before the court, it could not determine whether that testimony
         would have been beneficial or detrimental to the defendant. [United States v. Mays,
23       549 F.2d 670, 677 (9th Cir. 1977).]

24  Loud Hawk, 816 F.2d at 1325.  The Ninth Circuit reiterated this sentiment in *United States v.*

25  *Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995), stating that " [g]eneralized assertions of the loss of

26  memory, witnesses, or evidence are insufficient to establish actual prejudice."  Here, Petitioner has

27  failed to present anything but mere assertions and speculative opinion as to the prejudicial impact of

28  the delay.  Petitioner, similar to the defendant in *Corona-Verbera*, "offers no affidavits nor any

1    non-speculative proof as to how he was prejudiced by the loss of his witnesses." <u>Corona-Verbera</u>,

2    509 F.3d at 1113.  Petitioner has consequently failed to meet this burden.

3                    **Refusal to Instruct on Lesser Related Offense**

4            The Court finds that the Magistrate Judge's opinion correctly found that Petitioner had failed

5    to provide a grounds upon which the Court could grant habeas relief.  The Court notes that in a non-

6    capital case, such as the one presented here, the "[f]ailure of a state court to instruct on a lesser

7    offense fails to present a federal constitutional question and will not be considered in a federal

8    habeas corpus proceeding." <u>Bashor v. Risley</u>, 730 F.2d 1228, 1240 (9th Cir. 1984) (quoting <u>James v.</u>

9    <u>Reese</u>, 546 F.2d 325, 327 (9th Cir. 1976) (*per curiam*)).

10                   **Cumulative Error**

11           The Magistrate Judge concluded that Petitioner had failed to exhaust his remedies in state

12   court with respect to his cumulative error claim as Petitioner did not raise this ground for relief to the

13   highest state court.  The governing statute for state prisoners seeking federal habeas relief requires

14   that the petitioner comply with the exhaustion rule state therein–specifically that a habeas petition

15   "shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in

16   the courts of the State; or (B)(I) there is an absence of corrective process; or (ii) circumstances exist

17   that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

18   The exhaustion requirement mandates that petitioners fairly present the federal claims raised in their

19   federal habeas petition before the state courts, including a state supreme court with powers of

20   discretionary review, in order to afford the state courts the "opportunity to pass upon and correct

21   alleged violations of its prisoners' federal rights." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); *see*

22   <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); *see also* <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

23           Petitioner admits that he has failed to exhaust but argues that he is entitled to have the Court,

24   pursuant to *Rose v. Lundy*, 455 U.S. 509, 515 (1982), dismiss the cumulative error claim so that he

25   may exhaust the claim in state court.  Petitioner's objections misconstrue the Magistrate Judge's

26   Findings.  The Magistrate Judge concluded that notwithstanding Petitioner's failure to exhaust, his

27   application for writ of habeas corpus must be denied as it was perfectly clear that Petitioner had

28   failed to raise a colorable federal claim.  The Magistrate Judge's conclusion was based upon the

finding that Petitioner had failed to establish any error.  As this conclusion is supported by the record and proper analysis, the Court finds no reason to modify the Findings and Recommendation based on the points raised in the objections.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> > (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's

1   determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

2   deserving of encouragement to proceed further.  Petitioner has not made the required substantial

3   showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

4   certificate of appealability.

5                                                    **ORDER**

6           The Court adopts the Findings and Recommendation in full with the additional analysis

7   provided in this order.  As to those objections not specifically addressed in this order, the Court finds

8   that the Findings and Recommendation adequate disposes of Petitioner's objections and no further

9   discussion is required.  Accordingly, IT IS HEREBY ORDERED that:

10          1. The Findings and Recommendation issued October 24, 2008, is ADOPTED IN FULL;

11          2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

12          3. The Clerk of Court is DIRECTED to enter judgment; and

13          4. The Court DECLINES to issue a certificate of appealability.

14  IT IS SO ORDERED.

15  **Dated:    February 25, 2009**                **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28